Filed 3/30/22  P. v. Ketsouvannasane CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076512 |
| v. | (Super.Ct.No. CR57988) |
| KHAMCHAN BRET KETSOUVANNASANE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1995, petitioner Khamchan Bret Ketsouvannasane was convicted of (among other things) first degree murder, with a robbery-murder special circumstance. In 2019, he filed a petition for resentencing under the then-recently amended version of the felony-murder statute. (See §§ 189, subd. (e), 1170.95.)[1] The trial court denied the petition; it ruled that the robbery-murder special circumstance finding conclusively established that he was not eligible for relief.

Petitioner contends that he was entitled to relitigate the robbery-murder special circumstance finding. We disagree. That finding is final and binding, unless and until it is set aside in a habeas corpus or similar proceeding. Hence, we will affirm.

I

FACTUAL, PROCEDURAL, AND LEGAL DEVELOPMENTS

A.    *The Tison Standard*.

Under *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*), a person found guilty of murder on a felony-murder theory cannot constitutionally be sentenced to death unless he or she either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (*Id*. at pp. 150, 158.)

---

**1**    These and all further statutory citations are to the Penal Code, unless otherwise specified.

In 1990, Proposition 115 amended section 190.2 so as to expressly incorporate this requirement of *Tison* and to make it applicable to a sentence of life without the possibility of parole. (See now § 190.2, subds. (b), (c), (d).)

B.      *Statement of Facts*.

The following facts are taken from our opinion in petitioner's direct appeal from his conviction. (See *People v. Lewis* (2021) 11 Cal.5th 952, 970-972.) In that appeal, petitioner did not argue that there was insufficient evidence to support the robbery-murder special circumstance. Thus, our statement of facts did not necessarily include all of the evidence that would have been relevant to that question.

One day in 1994, petitioner, a driver, and another accomplice went for a drive, intending to commit residential burglary, vehicular burglary, and/or auto theft. At a scenic overlook, they confronted an elderly married couple who were enjoying the view. The accomplice demanded the wife's purse. When she refused to give it to him, the accomplice shot her. (Petitioner had previously handed him the gun.) The accomplice then shot the husband. At some point, the wife ran; petitioner chased her, in an unsuccessful effort to get the purse. When the wife fell to the ground, the accomplice shot her again and thus finally succeeded in taking the purse. Later, all three participants divided up the loot and repainted the car.

The husband, although shot in the face, survived; the wife died.

C.     *Petitioner's Conviction and Appeal.*

At petitioner's trial, in 1995, the jury was instructed, in accordance with *Tison*, that it could not find the robbery-murder special circumstance to be true unless petitioner either (1) intended to kill or (2) was a major participant in the underlying robbery and acted with reckless indifference to human life.  (CALJIC 8.80.1.)[2]

The jury found petitioner guilty of:

Count 1:  First degree murder (§§ 187, subd. (a), 189), with an armed principal enhancement (§ 12022, subd. (a)(1)) and a robbery-murder special circumstance (§ 190.2, subd. (a)(17)).

Count 3:  Assault with a firearm (§ 245, subd. (a)(2)), with an armed principal enhancement.

Count 4:  Robbery (§ 211) with an armed principal enhancement.

Petitioner was sentenced to life without the possibility of parole plus six years.

In 1997, this court affirmed the judgment.  (*People v. Ketsouvannasane* (Dec. 16, 1997, E017990) [nonpub. opn.].)  As mentioned (see part I.B, *ante*), petitioner did not

---

**2**     The prosecution filed what it described as "[a] true and correct copy" of CALJIC No. 8.80.1, as given in this case.  Actually, it was illegible.  However, petitioner has never disputed that CALJIC No. 8.80.1 was, in fact, given.  Thus, we may accept the prosecution's representation as true.  "'[A]ttorneys are officers of the court, and "'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.'"'  [Citation.]" (*People v. Mroczko* (1983) 35 Cal.3d 86, 112, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)  Such "representations of fact, made without objection or rebuttal . . . , properly could sustain the court's ruling.  [Citations.]" (*People v. Medina* (1995) 11 Cal.4th 694, 731.)

4

argue that there was insufficient evidence to support the robbery-murder special circumstance.

D. *Senate Bill No. 1437.*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.) SB 1437, among other things, amended section 189 so as to provide that the felony murder rule (§ 189, subd. (a)) applies to a person only if:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

"[(4) T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f).)

SB 1437 also enacted section 1170.95, which allows a person who has been convicted of murder under a felony murder theory, but who could no longer be so convicted under SB 1437, to petition to have the conviction vacated. If the underlying felony was not charged, the conviction is reduced to the underlying felony, and the

petitioner must be resentenced.  (§ 1170.95, subd. (e).)  The petitioner also must be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)

E. *Petition for Resentencing.*

In 2019, petitioner filed a petition for resentencing under section 1170.95. Counsel was appointed for him.

The prosecution filed a motion for summary denial of the petition.  It argued, among other things, that the true finding on the robbery-murder special circumstance made petitioner ineligible for resentencing as a matter of law.  The trial court agreed and denied the petition.  It commented that "the appropriate remedy is a writ of habeas corpus, not an 1170.95 petition."

II

THE EFFECT OF THE ROBBERY-MURDER SPECIAL CIRCUMSTANCE

Petitioner contends that the trial court erred by ruling that the robbery-murder special circumstance made him in eligible for resentencing.

Petitioner *does not dispute* that a robbery-murder special circumstance finding amounts to a finding that the defendant was a "major participant" in the robbery and acted with "reckless indifference."  We so held in *People v. Jones* (2020) 56 Cal.App.5th 474, 482-485 (*Jones*), review granted January 27, 2021, S265854.  Although there is a split of authority on this point (*id.* at pp. 482-483), and the issue is presently before the Supreme Court (*People v. Strong*, review granted Mar. 10, 2021, S266606), we adhere to our opinion in *Jones*.

6

Instead, petitioner seizes on the trial court's comment about habeas corpus. As we suggested in *Jones* (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479, and cases cited), a person in petitioner's position can challenge prior special circumstance findings in a habeas proceeding. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 676-683.) Petitioner argues that he should be allowed to relitigate the "major participant"/"reckless indifference" issue in the section 1170.95 proceeding, rather than on habeas corpus, for four reasons.

First, he argues that nothing in the wording of section 1170.95 requires a petitioner to obtain habeas relief from a special circumstance finding. But nothing in it says that this is *not* required, either. The requirement arises from the fact that the judgment of conviction has collateral estoppel effect. "Except in its nonmutual incarnation, collateral estoppel applies in criminal proceedings . . . . [Citations.]" (*People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1291.) The Legislature could modify or abrogate the application of collateral estoppel; section 1170.95, however, does not do so.

Second, he notes that section 1170.95 affirmatively provides that, if a petition is granted, "any allegations and enhancements attached to the conviction[] shall be vacated . . . ." (§ 1170.95, subd. (d)(3).) This does not speak to when or whether a petition should be granted. The allegations and enhancements remain in effect until it is.

Third, he argues that, in some cases, habeas may be procedurally barred. He seems to think there is some overarching rule that he is entitled to relitigate the "major participant"/"reckless indifference" issue somehow, sometime. Section 1170.95,

7

however, is a striking *exception* to the usual rule that a criminal judgment is final. The author of this opinion has even expressed the view that "because section 1170.95 legislatively readjudicates and sets aside final judicial judgments, SB 1437 is to that extent unconstitutional as a violation of the separation of powers." (*People v. Lippert* (2020) 53 Cal.App.5th 304, 326 [dis. opn. of Ramirez, P.J.].) While that view has not carried the day, finality is still the rule, and relief from finality is still the exception. If relief is not available under section 1170.95, and if relief is not available through habeas — then relief is simply not available.

Fourth, he argues that the Legislature intended persons with felony-murder special circumstances to be eligible for relief, because that might relieve the state of the cost of their lifetime incarceration. (See *People v. Secrease* (2021) 63 Cal.App.5th 231, 258-259, review granted June 30, 2021, S268862.) The wording of section 1170.95, however, does not so provide. "If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent. [Citation.]" (*Green v. State of California* (2007) 42 Cal.4th 254, 260.) The statute is workable and by no means absurd without any such provision.

We therefore conclude that the trial court properly denied the petition.

III

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

CODRINGTON_____
J.

SLOUGH_____
J.